# UNITED STATES DISTRICT COURT
# NORTHEN DISTRICT OF ILLINOIS

## CASE NO.:

PARIS PARSON,

        Plaintiff,

vs.

WINTRUST FINANCIAL CORPORATION,

        Defendant.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, PARIS PARSON, (hereinafter, "Plaintiff"), through counsel, sues Defendant, WINTRUST FINANCIAL CORPORATION, (hereinafter, "Defendant") and alleges the following:

## THE PARTIES

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendant's failure to pay overtime pay to Plaintiff for all time worked in excess of forty (40) hours in one or more individual workweeks.

2. Plaintiff resides in and is domiciled within this judicial district.

3. Plaintiff is employed by Defendant as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

4. Defendant is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

5. Defendant is an Illinois corporation with its principal place of business located within this

judicial district.

6. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. At all times material hereto, Defendant was engaged in commerce by loaning money to customers, and as part of its operations, caused its employees, including Plaintiff, to handle materials and further utilized equipment and/or tools that were manufactured in other states and had moved in interstate commerce.

8. Plaintiff was employed by Defendant from on or about May 1, 2015 through on or about June 1, 2016. Plaintiff was an hourly loan officer assistant who was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §201, *et seq*. or the minimum wage/overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. Plaintiff earned a pay rate of $16.00 per hour.

9. From on or about May 1, 2015 through on or about June 1, 2016, Plaintiff routinely worked approximately 50-55 hours per week and was not properly compensated for overtime hours worked (i.e. hours over 40 hours of work per week). Defendant's management knowingly permitted and encouraged the underreporting of hours worked.

## JURSDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME WAGES

Plaintiff reavers and realleges Paragraphs 1 through 10, as if fully set forth herein.

11. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) a one and a half time overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

12. From on or about May 1, 2015 through on or about June 1, 2016, Defendant did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all time worked in excess of 40 hours in individual work weeks.

13. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff all time worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

   A. A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of 40 hours per week;

   B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

   C. Reasonable attorney's fees;

   D. Costs incurred in filing this action; and

   E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW – OVERTIME WAGES

Plaintiff reavers and realleges Paragraphs 1 through 13, as if fully set forth herein.

14. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

15. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

16. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times the regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

17. Defendant violated the IMWL by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time he worked in excess of 40 hours in one or more individual workweeks.

18. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

C. Reasonable attorney's fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: February 27, 2017

Respectfully submitted,


Goldberg & Loren, P.A.
James M. Loren, Esquire
1700 Park Street, Suite 103
Naperville, IL 60563
Phone:     (954) 585-4878 x 2106
Facsimile: (954) 585-4886
E-Mail: JLoren@goldbergloren.com

*/s/ James M. Loren*
_____
James M. Loren, Esquire
Attorneys for Plaintiff